**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:17-cr-134-FDW-5**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| **JAMES BAXTON,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 [Doc. 3748].

## I. BACKGROUND

A jury convicted the Defendant of RICO conspiracy. [See Doc. 1565: Verdict]. He was sentenced to 240 months' imprisonment, consecutive to any previously-imposed state or federal sentence, followed by three years of supervised release. [Doc. 2047: Judgment; Doc. 2119: Amended Judgment]. The conviction and sentence were affirmed on direct appeal and the Supreme Court denied certiorari. United States v. Gutierrez, 963 F.3d 320 (4th Cir. 2020), Baxton v. United States, 141 S.Ct. 1431 (2021).

In 2021, the Defendant filed a § 2255 Motion to Vacate in which he raised numerous claims of ineffective assistance of counsel. [Doc. 3183]. The Court dismissed and denied relief on the merits. [Doc. 3292]. The Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed Defendant's appeal. United States v. Baxton, 2023 WL 5125103 (4th Cir. Aug. 10, 2023). The Supreme Court denied certiorari. Baxton v. United States, 144 S.Ct. 524 (2023).

In 2024, the Defendant sought authorization from the Fourth Circuit to file a successive §

2255 petition, Fourth Cir. Case No. 24-166. The Fourth Circuit denied authorization on May 24, 2024.

The Defendant filed the instant § 2255 Motion to Vacate on March 11, 2026.[1] [Doc. 3748]. He contends that his sentence was illegally enhanced with uncharged conduct, and that he was "duped" by counsel regarding the legality of the sentence. [Id. at 11]. He asks the Court to set aside his 240-month sentence and to impose between 63 to 78 months' imprisonment.

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings ..." in order to determine whether the Defendant is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Defendant can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

When an initial motion pursuant to § 2255 has been adjudicated on the merits, a second or successive motion under the statute must be certified by the court of appeals before it may be filed

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings). The Court applies the prison stamp because Defendant does not certify the date on which he placed his Motion to Vacate in the prison's mail. [see Doc. 3748-1 at 2].

with this Court. 28 U.S.C. § 2255(h). To certify a second or successive § 2255 motion, the court of appeals must find that the motion contains either: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id.

Here, the Defendant has already filed a § 2255 Motion to Vacate which the Court denied on the merits. [See Doc. 3292]. The Defendant sought, and was denied, authorization to file a second § 2255 petition by the Fourth Circuit. Accordingly, the instant Motion to Vacate is an unauthorized successive § 2255 petition, and it will be dismissed for lack of jurisdiction.

## IV. CONCLUSION

For the reasons stated herein, the Defendant's Motion to Vacate is an unauthorized successive § 2255 petition that is dismissed for lack of jurisdiction.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 [Doc. 3748] is an unauthorized successive § 2255 petition, and it is **DISMISSED** for lack of jurisdiction.
2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel,

529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: July 20, 2026

Frank D. Whitney
Senior United States District Judge